UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **FIRST BANK,** a Missouri chartered bank, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **H & L Builders, LLC,** an Illinois limited liability company, | ) ) ) ) |
| and | ) ) |
| **Jeffrey A. Holland,** an individual, | ) ) ) |
| and | ) ) |
| **Heather Holland,** an individual | ) ) ) |
| Defendants. | ) ) |

Case No. 3:13-cv-00448-MJR-SCW

## COMPLAINT

**COMES NOW** Plaintiff First Bank, a Missouri banking corporation ("Bank"), by and through its counsel Thompson Coburn LLP, and for its Complaint states as follows:

## PARTIES AND VENUE

1. Bank is a Missouri banking corporation chartered at 11901 Olive Boulevard, Creve Coeur, MO 63141.

2. H & L Builders, LLC ("Borrower") is an Illinois limited liability company with its principal place of business at 613 W. Highway 50, Box 1116, O'Fallon, IL 62269. Upon information and belief, the sole member of the Borrower is Defendant Jeffrey A. Holland ("J. Holland"). For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and upon information and belief, Borrower is a citizen of the State of Illinois.

3. Upon information and belief, J. Holland is an individual and a citizen of the State of Illinois, with his principal place of residence located at 1901 Berringer Drive, O'Fallon, Illinois 62269.

4.      Upon information and belief, Heather Holland ("H. Holland", and together with J. Holland, "Guarantors"; Borrower and Guarantors are, collectively, the "Obligors") is an individual and a citizen of the State of Illinois, with her principal place of residence located at 1901 Berringer Drive, O'Fallon, Illinois 62269.

5.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because (i) there is complete diversity of citizenship, and (ii) the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.      Venue in this action is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this division of this judicial district.

## BACKGROUND

7.      Borrower has executed and delivered to Bank a Promissory Note dated March 29, 2012, and payable to Bank in the original principal amount of Two Hundred Fifty Nine Thousand Sixty Two and 86/100 Dollars ($259,062.86) (the "Note").  A true and accurate copy of the Note is attached hereto as **Exhibit A** and incorporated by reference herein.

8.      As security for Borrower's obligations to pay the Note, Guarantors have executed a Guaranty dated March 29, 2012, pursuant to which Guarantors have absolutely and unconditionally guaranteed the full and prompt payment of all of Borrower's obligations to Bank under the Note (the "Guaranty").  A true and accurate copy of the Guaranty is attached hereto as **Exhibit B** and incorporated by reference herein.

9.      Under the terms of the Note, Borrower was to make payments of $1,112.00 to Bank on the 15th day of each month, commencing on May 15, 2012, with a final installment due and payable on March 29, 2015.  Failure of Borrower to make the required payments constitutes an event of default under the Note.  Upon an event of default, Bank has the right to declare the entire outstanding balance of the Note immediately due and payable by Borrower.

10.     Borrower failed to make three required payments of principal and interest that were due on August 15, 2012, September 15, 2012, and October 15, 2012 respectively.

11. By letter dated October 16, 2012, Bank notified Borrower and Guarantors of the default under the Note and declared the entire principal balance under the Note and all accrued and unpaid interest immediately due and payable (the "Demand Letter").  A true and accurate copy of the Demand Letter is attached hereto as **Exhibit C** and incorporated by reference herein.

12. As of the date hereof, Obligors have failed to pay Bank the full outstanding balance due under the Note.

13. As of October 16, 2012, the outstanding balance due and owing under the Note (excluding costs of collection) was $257,848.65  (consisting of $255,726.86 in principal and $2,121.79 in accrued and unpaid interest).  As provided for under the Note, interest continues to accrue on the outstanding principal balance of the Note at a per diem rate of $35.03.  Bank has incurred and is continuing to incur costs and expenses in connection with the collection of the amounts due under the Note for which Obligors are liable.

## COUNT I

## BREACH OF CONTRACT
## (SUIT ON NOTE)

For Count I of its Complaint against Borrower, Bank states as follows:

14. Bank hereby incorporates by reference in this Paragraph 14, and re-alleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 13 of this Complaint.

15. The Note is a valid and binding obligation of Borrower, enforceable against Borrower in accordance with its terms.

16. All conditions precedent to Borrower's performance in making payment under the Note have been satisfied by Bank.

17. Borrower defaulted under the terms of the Note by failing to make payments thereunder as and when due.

18. By letter dated October 16, 2012, Bank notified Borrower of the default, declared the entire outstanding balance of the Note to be immediately due and payable in full, and demanded payment thereof.

19. Borrower continues to be in breach of the Note by failing to pay the entire balance due under the Note. Consequently, Bank has been damaged in the amount of such balance which equals (excluding costs of collection) Two Hundred Fifty Seven Thousand Eight Hundred Forty Eight and 65/100 Dollars ($257,848.65) as of October 16, 2012 (consisting of principal in the amount of Two Hundred Fifty Five Thousand Seven Hundred Twenty Six and 86/100 Dollars ($255,726.86) and accrued interest in the amount of Two Thousand One Hundred Twenty One and 79/100 Dollars ($2,121.79). Interest continues to accrue on the unpaid principal balance of the Note at the rate of $35.03 per day.

**WHEREFORE**, Plaintiff First Bank prays this Honorable Court enter judgment in favor of First Bank and against H & L Builders, LLC in the amount of the entire unpaid balance of the Note, being not less than $257,848.65, as of October 16, 2012, *plus* interest accruing at the rate of $35.03 per day from and after October 16, 2012, *together with* its costs of collection, including without limitation, attorneys' fees, costs and expenses, and for such other and further relief as is just and appropriate.

## COUNT II

### BREACH OF CONTRACT
### (SUIT ON GUARANTY)

For Count II of its Complaint against Guarantors, Bank states as follows:

20. Plaintiff hereby incorporates by reference in this Paragraph 20, and re-alleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 13 of this Complaint.

21. Guarantors executed and unconditionally delivered the Guaranty to Bank.

22. Bank entered into the Note with Borrower in reliance on and in consideration upon the Guaranty as security for the repayment thereof.

23. Pursuant to the Guaranty, Guarantors have unconditionally and absolutely guaranteed the full and prompt payment of all obligations of Borrower to Plaintiff under the Note.

24. The obligations of Guarantors under the Guaranty are primary and independent in nature and may be enforced directly against Guarantors without first proceeding against Borrower or any other security given for the Note.

25. Borrower is in breach of its obligations to Bank under the Note, and as a result, the entire outstanding balance of the Note is presently due and payable in full.

26. Pursuant to the Guaranty, Guarantors are immediately obligated to pay to Bank the obligations of Borrower under the Note.

27. Written demand was made upon the Guarantors to pay all sums due and owing under the Guaranty by letter dated October 16, 2012, as evidenced at **Exhibit C** hereto, but Guarantors have failed to pay same.

28. Guarantors have breached the terms of the Guaranty.

29. As a result of Guarantors breach of the Guaranty, Bank has been damaged in the amount of such balance which equals (excluding costs of collection) Two Hundred Fifty Seven Thousand Eight Hundred Forty Eight and 65/100 Dollars ($257,848.65) as of October 16, 2012 (consisting of principal in the amount of Two Hundred Fifty Five Thousand Seven Hundred Twenty Six and 86/100 Dollars ($255,726.86) and accrued interest in the amount of Two Thousand One Hundred Twenty One and 79/100 Dollars ($2,121.79). Interest continues to accrue on the unpaid principal balance of the Note at the rate of $35.03 per day.

**WHEREFORE**, Plaintiff First Bank prays this Honorable Court enter judgment in favor of First Bank and against Jeffrey A. Holland and Heather Holland in the amount of the entire unpaid balance of the Note, being not less than $257,848.65, as of October 16, 2012, *plus* interest accruing at the rate of $35.03 per day from and after October 16, 2012, *together with* its costs of collection, including without limitation, attorneys' fees, costs and expenses, and for such other and further relief as is just and appropriate.

Date: May 13, 2013                              Respectfully submitted,

                                                THOMPSON COBURN LLP

                                                     /s/ Mark V. Bossi
                                                Mark V. Bossi, #06197380
                                                One US Bank Plaza
                                                St. Louis, MO  63101
                                                (314) 552-6000
                                                Fax (314) 552-7000
                                                mbossi@thompsoncoburn.com

                                                Attorney for Plaintiff First Bank